KEARSE, Circuit Judge:
Plaintiffs 400 North Midler Avenue Corporation and Lawrence Sovik, its president and sole shareholder (collectively, the “Corporation”), appeal from an order of the United States District Court for the Northern District of New York, Howard G. Mun-son, Chief Judge, affirming an order of the bankruptcy court which vacated a judgment of foreclosure obtained by the Corporation in state court on property that the defendant debtors in bankruptcy, Frank and Joseph Depo (the “Depos”), claim to own. The basis of the bankruptcy court’s ruling was that the foreclosure judgment had been obtained in violation of an automatic stay provision of the Bankruptcy Act of 1898 (the “Act”), 11 U.S.C. § 1 et seq. (1976) (repealed). The district court affirmed, rejecting the Corporation’s contention that vacation of the foreclosure judgment was improper because of the prior expiration of the automatic stay provided *50 by Chapter XII of the Act upon the conversion of the Depos’ Chapter XII proceeding into a bankruptcy proceeding. On appeal, the Corporation principally renews this contention. We agree with the Corporation’s contention and we vacate the order of the district court.
BACKGROUND
On October 5, 1978, the Depos filed a petition under Chapter XII of the Act. Since their petition was filed prior to the effective date of the current Bankruptcy Code, the ensuing proceedings were governed by the Act. See Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, § 403(a), 92 Stat. 2549, 2683.
The chronology of events pertinent to the applicability of the Act’s stay provisions does not appear to be in dispute. The Depos filed their Chapter XII petition in October 1978. In December 1982, the De-pos offered to purchase property at 400 North Midler Avenue in Syracuse, New York (the “Property”), from its then-owner, the Salvation Army; they took possession of the Property in February 1983, but never consummated the purchase.
In the summer of 1983, the Corporation purchased the Property from the Salvation Army. In August 1983, a company called Midler Court Merchandise Mart, Inc. (“Merchandise Mart”), was formed and purchased the Property from the Corporation, giving the Corporation a purchase money mortgage. Merchandise Mart’s stock was owned principally by the Depos’ sister; the Depos continued to occupy the Property.
In April 1984, alleging that Merchandise Mart had failed to make the required mortgage payments on the Property, the Corporation obtained a judgment of foreclosure in state court. In February 1985, one day before the scheduled foreclosure sale of the
Property, the Depos successfully moved in the bankruptcy court for a stay of the sale, stating that they owned an interest in the Property and had not received notice of the foreclosure action.
On June 17, 1985, the bankruptcy court adjudicated the Depos bankrupt and ordered that their “bankruptcy shall proceed as a general bankruptcy under the general provisions of the Bankruptcy Act of 1898.” This order was subsequently affirmed by the district court. In re Depo, 62 B.R. 62 (N.D.N.Y.1985) (McCurn, J.).
By order dated June 28, 1985 (“June 28 Order”), the bankruptcy court vacated the Corporation’s judgment of foreclosure on the Property and stayed its enforcement on the ground that it had been “obtained in violation of the automatic stay as to the Depos,” apparently referring to the stay against enforcement of liens provided by 11 U.S.C. § 828 (1976) (repealed), which stay had become effective upon the filing of their Chapter XII petition. Assuming that the § 828 stay is applicable to property acquired by the debtor after the filing of the Chapter XII petition, a proposition for which we have found no authority, the 1984 foreclosure on the Property acquired by the Depos in 1983 would have violated the § 828 stay.[1] The June 28 Order provided that the Corporation could bring a new foreclosure action on notice to the Depos.
The Corporation appealed the June 28 Order to the district court, contending that it was improperly entered because the automatic stay provided by § 828 had expired upon the June 17 conversion of the Chapter XII proceeding to bankruptcy. In a Memorandum-Decision and Order dated December 20, 1985, the district court rejected this contention. The court noted that if the Depos had first filed their case as a bank *51 ruptcy case in 1978, there indeed would have been no ground for staying enforcement of the foreclosure judgment, since the Depos did not own their alleged interest in the property in 1978, see 11 U.S.C. § 110(a)(5) (1976) (repealed). But the court believed it
inconsistent with the protection of Chapter XII to impose upon the Depo brothers the narrower stay rule of Chapter VII retroactively from when the case was converted to Chapter VII. Instead, the Chapter VII rule should apply only to property that the Depo brothers acquired after the case was converted to Chapter VII. Therefore, although the bankruptcy court converted the case to Chapter VII on June 17, it was correct in applying the Chapter XII stay rule in its order of June 28 and vacating the state court’s judgment of foreclosure.
Accordingly, the district court affirmed the bankruptcy court’s June 28 Order. This appeal followed.
DISCUSSION
On this appeal, the Corporation principally renews its contention that the Chapter XII automatic stay had expired prior to the entry of the bankruptcy court’s June 28 Order, thus removing any basis for that order. We agree.
Chapter XII of the Act, 11 U.S.C. §§ 801-926 (1976) (repealed), allows a debt- or filing a petition under that chapter to make arrangements with his creditors concerning debts secured by real property owned by him. To give the debtor an opportunity to make these arrangements, § 828 provides that the filing of a Chapter XII petition “shall operate as a stay of any act or proceeding to enforce any lien upon the real property or chattel real of a debt- or.” Implementing this section, Rule 12-43(a) of the Bankruptcy Rules under the Act provides that the filing of a Chapter XII petition stays the enforcement of any judgment against the debtor and stays “any act or the commencement or continuation of any court proceeding to enforce any lien against his property.”
Rule 12-43(b) of the Bankruptcy Rules governs the duration of the stay provided by § 828 and Rule 12-43(a). It provides that “the stay shall continue until the case is closed, dismissed, or converted to bankruptcy----” Bankruptcy Rule 12 — 43(b) (emphasis added). See also id. Advisory Committee Note (“[T]he stay provided by [Rule 12-43] continues generally during the pendency of the case unless the case is converted to bankruptcy.”).
The present case was converted to bankruptcy on June 17, 1985. Thus, the stay provided by § 828 and Rule 12-43(a) automatically expired on that date, and there was no § 828 stay in effect on June 28, 1985, when the bankruptcy court ordered the foreclosure judgment vacated and its enforcement stayed.
Although other stay provisions are applicable to bankruptcy proceedings, we find none to have been applicable to the property at issue here. The bankruptcy proceeding stay provision most pertinent here is Bankruptcy Rule 601(a), which deals with liens on the bankrupt’s property. That Rule provides that “[t]he filing of a petition shall operate as a stay of any act or the commencement or continuation of any court proceeding to enforce ... a lien against property in the custody of the bankruptcy court____” Property is deemed to be “in the custody of the bankruptcy court,” however, only if it was in the actual or constructive possession of the bankrupt on the date the bankruptcy proceeding was begun; property acquired by the bankrupt thereafter is not deemed in the custody of the bankruptcy court. See Advisory Committee Note to Rule 601(a); Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 481, 60 S.Ct. 628, 629, 84 L.Ed. 876 (1940); J. Moore & L. King, 4A Collier on Bankruptcy, ¶70.09, at 103 (14th ed. 1978).
As to the date on which a bankruptcy proceeding is begun, Bankruptcy Rule 122(1) provides that upon conversion of a Chapter XII case into a bankruptcy case, “the case shall be deemed to have been *52 commenced as of the date of filing of the first petition initiating a case under the Act____” The Rule goes on to provide that upon such conversion, the case “shall be conducted as far as possible as if no petition commencing a chapter case had been filed.”
The effect of these rules governing bankruptcy proceedings is, in part, that there was no Rule 601(a) stay with respect to the property at issue here. The bankruptcy proceeding to which the Chapter XII case was converted on June 17, 1985, was deemed begun in 1978; the Depos did not acquire their alleged interest in the Property until 1983; hence the Property was not in the custody of the bankruptcy court in 1978 when the bankruptcy proceeding was deemed to have begun. The stay provided by Rule 601(a) was thus inapplicable to the Property.
On June 28, 1985, therefore, when the bankruptcy court vacated the foreclosure judgment and stayed its enforcement, there was neither a § 828 stay nor a Rule 601(a) stay in effect as to the Property. Although it may well be that when the Corporation’s April 1984 judgment of foreclosure was first obtained it violated the automatic stay provided by § 828, the court was not thereby entitled to vacate the foreclosure judgment after the § 828 stay ended upon conversion of the case to bankruptcy since, as set forth above, Rule 122(1) required the court to proceed as nearly as possible as if the case had been a bankruptcy proceeding all along. Thus, contrary to the district court’s belief that it would have been improper for the bankruptcy court to apply retroactively on June 28, 1985, the provisions applicable to bankruptcy proceedings, Bankruptcy Rule 122(1) plainly requires the retroactive application of the bankruptcy provisions instead of the continued application of expired Chapter XII provisions.
Since any § 828 stay had expired and no bankruptcy proceeding stay applied to the Property, there was no basis for the bankruptcy court’s June 28 Order vacating the foreclosure judgment and staying its enforcement. The district court’s affirmance of that order was thus error.
In light of this ruling, we need not reach the other issues raised by the Corporation on this appeal.
CONCLUSION
The order of the district court is vacated and the matter is remanded to that court for entry of an order vacating the June 28, 1985 order of the bankruptcy court, and for further proceedings not inconsistent with this opinion.

. One commentator suggests, without citation to any case decided under the Act, that suits relating to property acquired after the filing of the Chapter XII petition may not be stayed. See J. Moore & L. King, 9 Collier on Bankruptcy, 1f 3.06, at 805 n.4 (14th ed. 1978) (“The property of which the bankruptcy court has exclusive jurisdiction must be determined as of the date when the petition is filed, and after-acquired property is not included____ Bloomer v. Southwest Washington Production Credit Assn. (Sup. Ct.Wash.1950) 36 Wash. (2d) 752, 220 P.(2d) 324 [(1950)]....”).